IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| EDWARD ROY NEWSOME, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:10-CV-0242 |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM OPINION, ORDER OF DISMISSAL,
ORDER DENYING COA, AND SANCTION ORDER PRECLUDING
FURTHER HABEAS FILINGS WITH PRIOR JUDICIAL PERMISSION**

On October 5, 2010, petitioner filed with this Court a pleading that has been designated as a petition for a writ of habeas corpus.

Upon receipt of this document, the Court issued an October 13, 2010 Show Cause Order, giving petitioner until October 27, 2010 to respond and show with specificity why the sanction order issued by the United States District Court for the Southern District of Texas, Houston Division, in cause no. 4:04-CV-3596 should not be enforced and the instant cause, therefore, dismissed.

Petitioner was also ordered to show cause why this Court should not take judicial notice of petitioner's extraordinarily abusive conduct in habeas actions filed in this and other courts and issue a new sanction order barring him from filing any more habeas petitions without prior permission from a judicial officer.

Petitioner's October 19, 2010 responsive pleading was mostly incoherent but appeared to

embody several unconnected requests and a notice of interlocutory appeal. Petitioner has since filed an October 19th deficient motion to proceed in forma pauperis and a November 2nd amended motion to proceed in forma pauperis. Petitioner also filed a November 2, 2010 Miscellaneous Pleading which is, in fact, the prisoner civil rights complaint previously dismissed on October 8, 2010, in cause no. 2:10-CV-0172, pursuant to Title 28, United States Code, section 1915(g). It appears that, by this pleading, petitioner is attempting to assert the dismissed civil rights claims with his pending habeas action in this cause.

Petitioner's pleadings filed subsequent to the October 13, 2010 Show Cause Order are unresponsive and fail to show cause why this Court should not enforce the sanction issued in cause no. 4:04-CV-3596, in the Southern District of Texas or, after taking judicial notice of petitioner's extraordinarily abusive conduct in this and other courts, sanction him by barring him from filing any more habeas petitions without prior permission from a judicial officer. As shown below, petitioner's abusive conduct is amply demonstrated.

The first page of petitioner's petition in the instant cause is a copy of a letter from the United States Court of Appeals for the Fifth Circuit returning to petitioner a petition for a writ of habeas corpus with the notation that the appellate court does not accept original habeas petitions and advising that such petitions must be filed with the district courts. On the letter, petitioner hand printed "Motion in Leave to Transfer and Expedite Appeals to File Successive Application for Writ of Habeas Corpus." Petitioner also hand printed "Case # 10-CV-172(J)" on the letter. Pages 2 through 9 of the pleading is a form Petition for a Writ of Habeas Corpus by a Person in State Custody. On the first page of the form, petitioner hand printed "Amended Motion for Leave to File Writ of Mandamus and Prohibition for Abatement Rule 52.1," as well as numerous

United States Code citations. As the respondent, petitioner listed "John Doe et al.;" and as the case number, he wrote "10-CV-172-(J)." Petitioner also hand printed the notations "collateral review" and "consolidate 10-CV-180." Taking him at his word, petitioner is attempting to pursue, in this one cause, a habeas claim, a mandamus action, and an appeal, as well as civil rights claims which were previously dismissed by the Court.

On the form, petitioner indicates he is challenging a parole revocation proceeding which took place in 2004. In his petition, where he was required to provide information showing exhaustion of state court remedies, petitioner admits his challenges to that revocation are still pending in the Texas Court of Criminal Appeals[1]. Clearly then, petitioner's own assertions show he has not exhausted state court remedies with respect to this challenge, and his claim of illegal parole revocation is subject to dismissal for non-exhaustion.

Moreover, more than five years earlier, petitioner was informed of this requirement with respect to the same parole revocation challenge in a previous habeas corpus proceedings. See, February 4, 2005 Memorandum and Order issued 4:04-CV-3233 in the U.S. District Court for the Southern District of Texas, Houston Division.

The Court notes that, during his lengthy[2] litigation history, most of it in the United States District Court for the Southern District of Texas, Houston Division, petitioner has sustained

---

[1] Page 4, as to date of final decision, petitioner's response was "pending."

[2] Petitioner appears to have filed at least 48 lawsuits in federal court alone.

3

preclusive sanctions[3] and monetary sanctions totaling at least $1,200.00[4], along with multiple "strikes" under the PLRA in various civil rights suits.

On November 26, 2004, in a civil rights action submitted on a petition for writ of habeas corpus, Cause No. 4:04-CV-3596, the United States District Court for the Southern District of Texas, Houston Division, entered a preclusion order directing the Clerk's Office to return "all mail" from petitioner marked "Frivolous Filer, Return to Sender." This Order cited petitioner's history of repeatedly and needlessly clogging the federal court system with baseless and malicious litigation and his misuse of the forms provided by the Court to file lawsuits.

On July 24, 2009, in an action on petition for writ of habeas corpus, Cause No. 4:09-CV-2027, petitioner was admonished that any further habeas petitions which were successive or frivolous might "result in the imposition of sanctions, including an order barring him from filing any more habeas petitions without prior written permission from the courts." This warning, citing *Day v. Allstate Ins. Co.*, 788 F.2d 1110, 1114 (5th Cir. 1986), was based on a finding that petitioner had abused his right of access to the court by filing suits which are nonsensical and misleading. *E.g., Newsome v. Dretke*, No. 4-04-CV-3098, (S.D. Tex. Aug. 9, 2004) (habeas form used to file suit against Fiesta food store and its manager). *See also, Newsome v. Dretke*, 4:05-CV-3390 (habeas form used to file action for writ of mandamus against attorney on contract theory). In the wake of that warning, petitioner continued to file successive and frivolous, as

---

[3]On September 19, 2002, in Cause no. 4:02-CV-3192, petitioner has been barred from filing any other civil rights suits in the United States District Court for the Southern District of Texas since 2002, unless he first pays the entire filing fee and receives advance written permission from a judicial officer.

[4]Petitioner received a $300.00 in Cause No. 4-02-3192 on September 19, 2002 in Cause No. 4:02-CV-3192; a $300.00 sanction in Cause No. 4:03-CV-5196 on November 21, 2003; a $300.00 sanction in Cause No. 4:03-CV-5585 on December 15, 2003; and a $300.00 sanction in Cause No. 4:04-CV-3596 on November 26, 2004.

well as incoherent and meaningless habeas actions. *See, Newsome v. Thaler*, No. 5:10-CV-0084, (W.D. Tex. February 17, 2010); *Newsome v. Thaler,* No. 2:10-CV-0180, September 16, 2010); and the present case.

By Miscellaneous Order No. 48, issued November 15, 1993, the United States District Court for the Northern District of Texas announced it would honor the sanctions imposed by another federal court in Texas, unless the sanctioned inmate established a change of circumstances or otherwise demonstrated that enforcing the previously imposed sanctions would be unjust. Thus, inmates who have abused the court system are prevented from avoiding the effect of sanctions when they were transferred to units under the jurisdiction of federal courts in other districts. Nevertheless, the sanction issued in Cause No. 4:04-CV-3596 by the United States District Court for the Southern District of Texas, Houston Division, was entered on what were determined to be civil rights claims, even though it was processed as a habeas corpus action for purposes of filing. The Court is reluctant to deprive petitioner of all access to the federal courts, which application of that sanction would appear to do, and will impose a lesser sanction.

When petitioner's conduct in this Court is considered in conjunction with his conduct in other courts as set forth above, it is clear that petitioner continues to clog the courts with baseless, and malicious litigation, with frivolous and/or incoherent pleadings, and has not ceased his misuse of the forms provided by the Court to file lawsuits.

For the reasons set forth above, the instant petition is DISMISSED FOR FAILURE TO EXHAUST STATE COURT REMEDIES.

A certificate of appealability from a habeas corpus proceeding is DENIED because petitioner has not made a substantial showing that reasonable jurists would find the Court's

procedural or substantive rulings debatable.

It is the FURTHER ORDERED that petitioner EDWARD ROY NEWSOME IS BARRED FROM FILING ANY FURTHER HABEAS ACTION UNLESS HE FIRST OBTAINS THE PERMISSION OF A JUDICIAL OFFICER FOR THAT FILING.

It is SO ORDERED.

Signed this the 16th day of December, 2010.

MARY LOU ROBINSON
United States District Judge